COMMONWEALTH *vs.* ROBERT LAFFOND. No. 94-P-1961. September 29, 1995. *Regulation. Board of Health. Constitutional Law*, Commerce clause, Interstate commerce.

At issue is the validity of a regulation of the board of health of the town of Dalton forbidding any person from hauling garbage in a residential district during certain hours.[1] The defendant was convicted of a single violation of the regulation and received a fine of $200. Before the commencement of the bench trial in the jury session of the District Court, the defendant moved to dismiss the complaint. The trial judge denied the motion and found that the defendant had violated the regulation. We affirm the judgment below.

The statement of agreed facts, which was adopted as findings of fact by the trial judge, recounts that on the morning of September 22, 1993, at 5:36 A.M., the defendant was observed by a Dalton police officer operating a truck bearing the name "Berkshire Cleanway" on its side. Seeing that the defendant was operating the vehicle, which contained a load of debris, on a residential street, the officer stopped the defendant and informed him that he was in violation of the regulation. On September 24, 1993, the chief of police, at the direction of the Dalton board of health, applied for a complaint for process to issue from the clerk of the District Court (see G. L. c. 276, § 22). A complaint subsequently issued, and it is challenged by the defendant in this appeal.

The statement of agreed facts notes two incidents when the police stopped the defendant's vehicle for violating the regulation. The first incident, for which no complaint issued, involved an empty garbage truck. The second incident, which as noted above, involved a vehicle containing debris, is at issue in the case at bar. Because the defendant was not prosecuted for operating an empty garbage truck during the proscribed time period, he does not have standing to attack the regulation as being beyond the purview of the enabling legislation or as being discriminatory in regard to empty vehicles. See *Bane* v. *Boston*, 8 Mass. App. Ct. 552, 556 n.7 (1979).

---

[1]General Laws c. 111, § 31A, empowers a board of health to grant permits, and § 31B authorizes the board to enact rules and regulations for the control of transportation of offensive substances. In 1993, the town board of health adopted a regulation which reads as follows:

"Effective August 1, 1993, no removal, transportation or disposal of garbage, refuse, recyclable materials, offal or other offensive substances, or empty refuse vehicles, shall be permitted in any residential district between the hours of 7:00 P.M. and 7:00 A.M., Monday through Sunday. Violation of this regulation will result in a fine of $1,000. Each offense will be deemed a separate violation. If any portion, sentence or clause is subsequently held to be invalid, the remainder of the regulation shall be in full force and effect."

To the extent that the defendant attempts to raise discriminatory treatment in regard to vehicles containing debris, that claim, raised in one sentence without citation to any authority, does not constitute appellate argument and, therefore, need not be considered by this court. Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975). *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958). *Hillis* v. *Lake*, 38 Mass. App. Ct. 221, 223 (1995).

The defendant contends that the regulation violates the commerce clause of the United States Constitution, art. I, § 8, cl. 3.[2] He does not dispute that the board has a legitimate interest in regulating the transport of waste materials within the town or that the regulation is not evenhanded or nondiscriminatory in its operation against out-of-State businesses. See *Pike* v. *Bruce Church, Inc.*, 397 U.S. 137, 142 (1979); *Grocery Mfrs. of Am., Inc.* v. *Department of Pub. Health*, 379 Mass. 70, 80-81 (1979). Rather, the defendant argues that the regulation excessively burdens interstate commerce in relation to the asserted benefits. *Pike* v. *Bruce Church, Inc., supra. Raymond Motor Transp., Inc.* v. *Rice*, 434 U.S. 429, 442 (1978). There is no factual support for that contention.

As the defendant would have it, the daylight time restrictions set out in the regulation prevent early morning collections of waste from Dalton for transport to distant landfill and incinerator sites which close in the early afternoon. He also claims that the limited hours burden emergency operations when municipal fire departments call upon his employer, Berkshire Clean-Way Rubbish Removal, Inc., to remove and transport burning materials to a safe disposal area. "The State's power to regulate commerce is the greatest when it regulates matters [like garbage collection] traditionally considered to be of local concern." *Commonwealth* v. *B & W Transp., Inc.*, 388 Mass. 799, 807 (1983), appeal dismissed sub nom. *Burke Distrib. Corp.* v. *Massachusetts*, 464 U.S. 957 (1983), and cases cited.

Unlike the situation described in *Diamond Waste, Inc.* v. *Monroe County*, 939 F.2d 941, 946 (11th Cir. 1991), a case upon which the defendant relies, the regulation in the instant case does not prevent garbage, trash, or waste of any kind from being transported into the town from other locations. So long as a regulation is rationally related to a legitimate State goal, it will be upheld unless it unduly discriminates against interstate commerce, or the burdens imposed on interstate commerce outweigh the State's interest in enforcing the regulation. See *Raymond Motor*

---

[2]The defendant's memorandum in support of his motion to dismiss notes that Berkshire Clean-Way Rubbish Removal, Inc., transports wastes between the States of Massachusetts, New Hampshire, Vermont, Connecticut, and New York. The defendant does not have to cross a State line to invoke the protection of the commerce clause; any intrastate economic activities that affect interstate commerce fall within the ambit of the commerce clause. *Wickard* v. *Filburn*, 317 U.S. 111, 122-125 (1942). See also *Hodel* v. *Virginia Surface Mining & Reclamation Assn.*, 452 U.S. 264, 277 (1981).

*Transp., Inc.* v. *Rice*, 434 U.S. at 442-443; Tribe, American Constitutional Law § 6-5 (2d ed. 1988).

The only possible burden on interstate commerce raised by the defendant is that removal operations may be delayed and are less convenient because of the time restrictions and the location of its current transfer station in a residential district. These inconveniences and burdens, however, are not disproportionate when balanced against the town's interest, the preservation of tranquility during hours when residents are likely to be at rest. See *National Tank Truck Carriers, Inc.* v. *City of New York*, 677 F.2d 270, 274 (2d Cir. 1982). On the record, there is no showing that the regulation in the case at bar is irrational.

*Judgment affirmed.*

. *Leslie R. Long* for the defendant.
*Joel B. Bard* for the Commonwealth.